# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY L. BIERLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-326 Erie |
| | ) | |
| v. | ) | District Judge Nora Barry Fischer |
| | ) | |
| ROBERT SAMBROAK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Presently pending before the Court is Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 5) and Plaintiff's motion to strike the Defendant's motion (Docket No. 8). For the reasons that follow, the complaint will be dismissed due to the Court's lack of subject matter jurisdiction over the instant civil action, and Plaintiff's motion to strike will be denied as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This civil action was commenced on October 28, 2013, when the Clerk of Court received Plaintiff Harry L. Bierley's *pro se* complaint (styled "Complaint About Election Fraud") against Defendant Robert Sambroak. Sambroak was formerly the First Assistant District Attorney of Erie County before being elected Judge of the Erie County Court of Common Pleas on November 5, 2013.

In his complaint, which was filed of record seven days before the general election (Docket No. 3), Bierley alleges that Sambroak "fraudulently claims to be a suitable judicial candidate, but he is not." (Compl. [Docket No. 3] at ¶5.) Specifically, Bierley avers that Sambroak "is guilty of treason and misprision of treason" by virtue of his "participation and

1

observation of treason" allegedly perpetrated by the Honorable Ernest J. DiSantis in connection with Bierley's prosecution for disorderly conduct at Case No. 1133 of 2003 of the Erie County Court of Common Pleas. (Id.) According to Bierley, Judge DiSantis committed "treason" by wrongly exercising jurisdiction over Bierley's criminal case and conducting a "rigged" jury trial, which resulted in a "fraud[ulent]" conviction and "illegal imprisonment." (Id. at ¶¶ 7, 11.) Bierley theorizes that Judge DiSantis lacked jurisdiction over his criminal case because of the fact that the prosecution was predicated upon conduct which occurred inside the Erie County courthouse – a location which, Bierley claims, is not a "public place" and therefore cannot support a conviction for disorderly conduct. (Id. at ¶¶ 8-10.)

Bierley complains that Sambroak "did observe the prosecution and illegally facilitate it" and is thereby himself "guilty of treason and misprision of treason." (Compl. ¶¶ 11-12.) As a result, Bierley avers, Sambroak "has no right to hold public office." (Id. at ¶ 12.)

Appended to the complaint is a document dated May 20, 2013 which Bierley refers to as an "affidavit," although it too is styled "Complaint About Election Fraud." (Compl. at p. 6.) Bierley alleges that he submitted this document to Sambroak and "the election office supervisor," to no effect. (Compl. at ¶ 13.) Like his federal complaint, Bierley's affidavit/complaint accuses Sambroak of "concealing crimes of treason, official oppression, criminal fraud and more" in connection with Bierley's criminal prosecution at Docket No. 1133 of 2003 as well as his prosecution for assault with a deadly weapon at a separate criminal docket, No. 38 of 1990. (Id. at p. 6.) According to Bierley's affidavit, Sambroak knew, but failed to expose, the "fact" that Bierley was illegally prosecuted and imprisoned in both criminal cases by judges who lacked jurisdiction over him. (Id.) Bierley complains that, notwithstanding the foregoing, "Mr. Sambroak has not removed himself from the list of judicial candidates and

neither has the election office." (Compl. ¶ 14.) Accordingly, Bierley seeks intervention by this Court so as to prevent Sambroak "from becoming yet another criminally corrupt judge in Erie [County], PA." (Id. at ¶ 15.)

Bierley's federal complaint was served on November 7, 2013, two days after Sambroak's election to the Court of Common Pleas. (*See* Return of Service [Docket No. 4].) On November 27, 2013, Sambroak filed the pending motion to dismiss the complaint. (Docket No. 5.) In his supporting brief, Sambroak argues for dismissal of the lawsuit on the grounds that: (a) Bierley has failed to plead any facts or attach evidence in support of his claim that Sambroak is guilty of treason, "misprision of treason," or any other crime that would render him ineligible to serve as judge; (b) Sambroak has absolute immunity from any damages claim insofar as it relates to his role as a prosecutor; and (c) Bierley's complaint was not served until after the election, making his request for injunctive relief moot. (*See* Br. in Supp. of Mot. to Dismiss [Docket No. 6] at 2-4.)

On December 11, 2013, Bierley responded to Sambroak's motion by filing the pending motion to strike (Docket No. 8). Bierley asserts that the motion to dismiss should be stricken because it is "a blatant, flagrant, and facetious insult to the honor and integrity of the Court" and is "riddled with prevarications, half truths, and misrepresentations." (Mot. to Strike at p. 1.) Sambroak filed his response in opposition to the motion to strike on December 31, 2013 (Docket No. 10). Thereafter, Bierley filed a motion seeking allowance to file a reply brief out of time (Docket No. 11), which the Court granted on January 15, 2014 (Docket No. 13).

On January 23, 2014, the Court held a telephonic argument, at which time both parties were heard relative to the pending motions. The issues have thus been adequately joined and are ripe for disposition.

3

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction and may only assert jurisdiction over certain matters, such as where there is diversity of citizenship between the parties or where a question is presented under federal law." *Gray v. Peruto,* 481 F. App'x 716, 717 (3d Cir. 2012) (citing generally 28 U.S.C. §§ 1331–1334). Because a lack of subject matter jurisdiction concerns the court's very authority to consider the case before it, jurisdictional challenges must be considered first. *See Lepre v. Lukus,* No. 3:13–CV–796, 2014 WL 198811 at *16 (M.D. Pa. Jan. 15, 2014) ("When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot.") (citation omitted). Moreover, federal courts are obligated to address jurisdictional deficiencies on a *sua sponte* basis, even when they are not raised by the parties. *See Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006) (noting that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exits, even in the absence of a challenge from any party"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In this case, Sambroak has moved to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. He argues, in part, that the complaint fails to allege facts showing that he is guilty of treason or any other offense which would render him unsuitable for public office. He also argues that the complaint for injunctive relief is moot inasmuch as he has already been elected judge of the Erie County Court of Common Pleas. Because these arguments bear on the Court's subject matter jurisdiction, and because the Court independently perceives jurisdictional problems in this

4

case, the Court will undertake its analysis pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, rather than Rule 12(b)(6).

A.  Standard of Review

A court's scope of review relative to a Rule 12(b)(1) motion is shaped by whether the motion is a facial or factual attack. *See CNA v. United States*, 535 F.3d 132, 139 (3d Cir.2008) (where district court analyzes a motion under Rule 12(b)(1), "its first task is to classify the [defendant's] motion as either a factual attack or a facial attack."). A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Id*. (alterations in the original) (*citing U.S. ex rel. Atkinson v. Pa. Shipbuilding Co*., 473 F.3d 506, 514 (3d Cir.2007)).

A court reviewing a facial attack "'must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Nichole Med. Equip. & Supply, Inc. v. TriCenturion, Inc.*, 694 F.3d 340, 347 (3d Cir. 2012) (*quoting Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). In addition, the court may consider matters of public record. *See Medici v. Pocono Mountain Sch. Dist*., Civ. A. No. 09–cv–2344, 2010 WL 1006917 at *2 (M.D. Pa. Mar.16, 2010) (citation omitted); *Jones v. Butler*, Civ. A. No. 09–3128, 2009 WL 2461885, at *1 and n. 12 (E.D. Pa. Aug. 11, 2009) (citing authority). Although the Court must construe the facts alleged in the Plaintiff's favor, it need not accept bald assertions or legal conclusions as true. *Batchelor v. Rose Tree Media School Dist.,* Civil Action No. 11–6733, 2013 WL 1776076 at *3 (E.D. Pa. Mar. 28, 2013) (citing authority). Moreover, "[t]he plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Church of the Universal Brotherhood v.*

5

*Farmington Twp. Supervisors,* 296 F. App'x 285, 288 (3d Cir. 2008) *(citing Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir.2007)).

A factual attack on jurisdiction differs from a facial attack in that "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In resolving a factual challenge under Rule 12(b)(1), "the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Electronics Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) (*citing Mortensen*, 549 F.2d at 891). *See also Gordon v. East Goshen Twp.,* 592 F. Supp. 2d 828, 836-37 (E.D. Pa. 2009). It is the plaintiff's burden to demonstrate that federal subject matter jurisdiction exists over his claims. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir.2005)("[T]he plaintiff must bear the burden of persuasion" in connection with a motion to dismiss brought pursuant to Rule 12(b)(1)) (*quoting Kehr Packages, Inc. v. Fidelcor, Inc*., 926 F.2d 1406, 1409 (3d Cir.1991)).

B. <u>Analysis</u>

The complaint in this case purports to invoke the Court's subject matter jurisdiction pursuant to three sources: (i) Article III, Section 3 of the United States Constitution, (ii) 28 U.S.C. §1331 and (iii) 28 U.S.C. §1343. However, each of these sources is patently inapplicable based on the averments in the complaint.[1]

Article, Section 3 of the federal Constitution states that:

---

[1] The Court's treatment of this issue is in the nature of a "facial" challenge to its subject matter jurisdiction and will be analyzed as such.

> Treason against the United States, shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort. No Person shall be convicted of Treason unless on the Testimony of two Witnesses to the same overt Act, or on Confession in open Court.
>
> The Congress shall have Power to declare the Punishment of Treason, but no Attainder of Treason shall work Corruption of Blood, or Forfeiture except during the Life of the Person attainted.

U.S. Const. art. III, §3. As Sambroak accurately points out, the complaint fails on its face to plead any facts or attach any evidence indicating that he has ever been charged with or convicted of treason. In his complaint, Bierley avers that "[a] judge commits treason when he knowingly takes jurisdiction of an action without legislative authority" (Compl. ¶ 7), and "[a] person who observes treason and does not report it to proper authority is also guilty of treason &/or misprision of treason (id. at ¶ 8)." Because these statements are merely (inaccurate) conclusions of purported law, they need not be credited by the Court. *See Batchelor v. Rose Tree Media School Dist., supra* 2013 WL 1776076 at *3 (reviewing a facial attack on subject matter jurisdiction and observing that the court "need not accept bald assertions or legal conclusions [in the complaint] as true"). Similarly, the Court need not accept Bierley's conclusory allegation that Judge DiSantis committed "treason" by virtue of the manner in which he presided over Bierley's criminal trial, nor must it accept Bierley's conclusory averment that Sambroak is guilty of treason by virtue of having "observe[d] the prosecution and illegally facilitated it." (Compl. ¶¶ 11-12.) *See Church of the Universal Brotherhood v. Farmington Twp. Supervisors,* 296 F. App'x at 288 (plaintiff must allege facts that plausibly establish a basis for subject matter jurisdiction). In sum, Bierley's allegations about alleged election fraud are facially inadequate to establish treason as that crime is defined by the federal criminal code. *See* 18 U.S.C. §2381 (stating that a person is guilty of treason when that person, "owing allegiance to the United

States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere"). Consequently, this Court has no colorable subject matter jurisdiction over the complaint pursuant to Article III, Section 3 of the United States Constitution.

The Court also finds no basis for exercising subject matter jurisdiction under 28 U.S.C. §1331 (pertaining to civil actions which arise under the federal constitution, laws, or treaties) or §1343 (pertaining to civil rights and elective franchise). Subject matter jurisdiction could be established under both of these provisions if, for example, the complaint asserted a colorable claim pursuant to 42 U.S.C. §1983.[2] In order to do so, however, Bierley would have to allege facts that establish the deprivation of a federal constitutional or statutory right by a defendant who acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Miller v. Mitchell,* 598 F.3d 139, 147 (3d Cir. 2010) (citation omitted). "Section 1983 'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'" *Simpson v. Nicklas,* 500 F. App'x 185, 188 (3d Cir. 2012) (*quoting City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 749 n. 9 (1999)). It is therefore incumbent upon Bierley to allege facts which, if proven, would establish the violation of some federal right. The allegations in the complaint are facially inadequate in this regard. "Because the states traditionally have authority

---

[2] Section 1983 provides a private right of action as against:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws…

42 U.S.C. §1983 (2012).

8

over their own elections and because the Constitution contemplates that authority, courts 'have long recognized that not every state election dispute implicates federal constitutional rights.'" *Shannon v. Jacobowitz,* 394 F.3d 90, 94 (2d Cir. 2005) (*quoting Burton v. Georgia*, 953 F.2d 1266, 1268 (11th Cir. 1992)). "Only in extraordinary circumstances will a challenge to a state [or local] election rise to the level of a constitutional deprivation." *Id. (quoting Curry v. Baker*, 802 F.2d 1302, 1314 (11th Cir.1986)). *See also Samuel v. Virgin Islands Joint Board of Elections,* Case No. 3:12-cv-00094, 2013 WL 842946 *7 (D.V.I. Mar. 7, 2013) ("In order to bring a claim in federal court for violation of a local election statute, Plaintiffs must allege a constitutional violation that interferes with their right to vote. Violations of local election laws are properly litigated in state court unless a constitutional violation has been alleged.").

Here, Bierley alleges that Sambroak is an unfit candidate for the position of county judge, but his remedy, if any, lies exclusively in the Pennsylvania courts. *See generally* 25 PA. STAT. ANN. §2937 (West 2007) (setting forth procedures for challenging a candidate's nomination petition and papers). *See also In re Nomination Paper of Rogers,* 942 A.2d 915, 919 n.5 (Pa. Commw. Ct. 2008), *aff'd*, 959 A.2d 903 (Pa. 2008) ("The sole and exclusive remedy for challenging a person's right to run for political office in Pennsylvania is provided by Section 977 of the Election Code, 25 P.S. §2937 … Section 977 sets forth the procedure to be followed in pursuing an objection including a time schedule in which the various steps of the process must occur.") (*citing In re Nominating Petition of Esther M. Lee*, 578 A.2d 1277 (Pa. 1990)).[3]

---

[3] Bierley asserts in his complaint that he filed his May 20, 2013 affidavit/complaint with the election board, but he claims that no action has ever been taken by the board. To the extent any state administrative or judicial proceedings are ongoing relative to Bierley's May 20, 2013 affidavit/complaint, such circumstances would likely warrant this Court's abstention from the instant case pursuant to *Younger v. Harris,* 401 U.S. 37, 43 (1971). *See Day v. Florida*, --- F.3d ---, 2014 WL 545413 at *1 n.2 (3d Cir. Feb. 12, 2014) (noting that *Younger* abstention would apply "to the extent any actions relevant to [the plaintiff's] claims remain pending in state court") (*citing Sprint Commc'ns, Inc. v. Jacobs*, ––U.S. ––––, ––––, 134 S. Ct. 584, 588, –– L.Ed.2d ––––, –––– (2013)).

In sum, Bierley's complaint fails to allege the deprivation of any federal right by virtue of Sambroak's candidacy for the position of county judge. His conclusory allegations that Sambroak is guilty of "treason" and therefore unfit for public office are insufficient on their face to establish any colorable basis upon which this Court can exercise its subject matter jurisdiction pursuant to Article III, Section III of the federal constitution, 28 U.S.C. § 1331, or 28 U.S.C. 1343.[4] Accordingly, the case must be dismissed in accordance with Rule 12(b)(1) and (h)(3).

Aside from the foregoing problem, the complaint suffers from another fatal defect – namely mootness.[5] Article III of the United States Constitution requires that "an actual controversy must be extant at all stages of [the Court's] review, not merely at the time the complaint is filed." *Camesi v. University of Pittsburgh Medical Center,* 729 F.3d 239, 247 (3d Cir. 2013) (*quoting Genesis Healthcare Corp. v. Symczyk,* --- U.S. ---, 133 S. Ct. 1523, 1528 (2013)). A claim which is moot therefore presents a separate insurmountable jurisdictional defect. *See Mollett v. Leicth*, 511 F. App'x 172, 173 (3d Cir. 2013) ("If a claim does not present a live case or controversy, the claim is moot, and a federal court lacks jurisdiction to hear it.") (citation omitted); *Goodmann v. People's Bank,* 209 F. App'x 111, 113 (3d Cir. 2006) (noting that a "District Court lacks subject matter jurisdiction when the controversy has become moot" and affirming the dismissal of a mooted civil action pursuant to Fed. R. Civ. P. 12(b)(1)); *Weiss*

---

[4] All of the remaining statutory bases for this Court's federal subject matter jurisdiction, as set forth in Title 28 of the United States Code, Chapter 85, are patently inapplicable, including Section 1344 (pertaining to "[e]lection disputes"). That provision gives federal district courts original jurisdiction over disputes concerning the right of a party to "recover possession" of an elected office where the "sole question touching the title to office arises out of the denial of the right to vote" based on "race, color or previous condition of servitude." 28 U.S.C. §1344. Such a dispute is clearly not before this Court.

[5] Sambroak's mootness argument raises a factual challenge to the Court's subject matter jurisdiction. *See Holland v. New Jersey Resources Corp.*, Civ. No. 12–07858, 2013 WL 4780763 at *1 n. 2 (D.N.J. 2013); *Gordon v. East Goshan Twp.*, 592 F. Supp. 2d 828, 837 (E.D.Pa.2009).

*v. Regal Collections*, 385 F.3d 337, 340 (3d Cir.2004) (a court no longer has subject-matter jurisdiction when a claim is moot because its jurisdiction is limited to "cases and controversies" under Art. III of the Constitution). "An action is rendered moot when 'an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during the litigation.'" *Camesi,* 729 F.3d at 247 (quoting *Szmczyk, supra,* at 1528) (internal quotation marks omitted).

Here, there is no dispute that Sambroak prevailed in his bid for a seat on the Erie County Court of Common Pleas and is now a sitting judge – a fact of which this Court can take judicial notice. *See* Fed. R. Evid. 201 (courts may judicially notice facts that are not subject to reasonable dispute because they are (1) generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). In light of this uncontroverted fact, Bierley's request to have Sambroak removed from the list of eligible judicial candidates is moot. In fact, the complaint was moot as of the date it was served (November 7, 2013), because Sambroak had prevailed in the County general election just two days prior.[6] Moreover, Bierley acknowledges that his request for injunctive relief is moot. (*See* Pl.s' Mot. to Strike [Docket No. 8] at ¶ 3("Since injunctive relief was not timely granted, [Defendant] is correct in claiming the issue is moot.").) Accordingly, this civil action must be dismissed, as it fails to present any live "case or controversy" within the meaning of Article III.[7]

---

[6] Although Bierley's complaint in this action was received by the Clerk of Court on October 28, 2013 and was served on November 7, 2013, it is clear that Bierley was aware of Sambroak's judicial candidacy as early as May 20, 2013. (*See* Compl. at ¶13 and p. 6.)

[7] While Sambroak has not argued the point, it appears that the complaint suffers from a third jurisdictional defect – *to wit,* Bierley's lack of standing. *See Adams v. Ford Motor Co*., 653 F.3d 299, 304 (3d Cir. 2011) (the issue of

## III. CONCLUSION

The Third Circuit Court of Appeals has held that district courts should not dismiss a *pro se* complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile. *See Kim v. I.R.S.,* 522 F. App'x 157, 159 (3d Cir. 2013) (citing *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004)). Because the complaint provides no basis upon which this Court can exercise subject matter jurisdiction, and because the jurisdictional deficiencies are incapable of being cured by way of further amendment, dismissal of the complaint is appropriate. Accordingly, Defendant's motion to dismiss will be granted pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff's motion to strike will be denied as moot.

An appropriate order follows.

*/s/ Nora Barry Fischer*

Nora Barry Fischer
United States District Judge

Date: February 25, 2014

---

standing is a threshold inquiry because "'[i]f plaintiffs do not possess Article III standing, ... the District Court ... lack[s] subject matter jurisdiction to address the merits of plaintiff's case.'")(citation omitted). To establish Article III standing, a plaintiff must show, among other things, "a 'concrete,' 'particularized' injury-in-fact, which is 'actual and imminent, not conjectural or hypothetical.'" *Toll Bros., Inc. v. Twp. of Readington,* 555 F.3d 131, 137 (3d Cir. 2009) (citation omitted). Although an injury for standing purposes may be widely shared, it must "nonetheless be concrete enough to distinguish the interest of the plaintiff from the generalized and undifferentiated interest every citizen has in good government." *Id.* at 138. *See also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 573-74 (1992) ("We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."). At bottom, Bierley's complaint avers that Sambroak is unfit to serve as judge of the Court of Common Pleas of Erie County, but the fitness of a common pleas judge is a concern which all citizens of Erie County subject to the court's jurisdiction would share. Although Bierley's allegations about his prior history with Sambroak are personal to him, this is insufficient to "distinguish the interest of the [P]laintiff from the generalized and undifferentiated interest every citizen [of Erie County] has in good government." *Toll Bros, Inc.,* 555 F.3d at 138. *C.f. Samuel v. Virgin Islands Joint Board of Elections,* Case No. 3:12-cv-00094, 2013 WL 842946 *4 (D.V.I. Mar. 7, 2013) (plaintiffs lacked standing where their allegations "[did] not distinguish their concerns – about the use of certain voting machines in the election or the election results in general – from concerns of other voters or even other candidates").

cc: Harry L. Bierley
3123 German Street
Erie, PA 16504
(via First-Class U.S. Mail)

Matthew J. McLaughlin, Esq. (via CM/ECF)